In the Matter of the NEW YORK TITLE AND MORTGAGE COMPANY, in Rehabilitation (Application of the ANDREW FREEDMAN HOME).

Supreme Court, New York County, March 19, 1934.

*Guggenheimer & Untermyer* [*William L. Cohn* and *Harry Hoffman* of counsel], for the petitioner, Andrew Freedman Home.

*Greenbaum, Wolff & Ernst* [*Newman Levy* of counsel], for the Superintendent of Insurance.

FRANKENTHALER, J. The evidence discloses that the Superintendent refused to permit the petitioner to obtain the management and control of *any* of the latter's bonds and mortgages unless and until the petitioner executed a release of the company's guaranties in respect of *all* the bonds and mortgages, guaranteed by the company, which belonged to the petitioner. The fact that petitioner had physical possession of the bonds and mortgages does not require the denial of its present application. Thus in *Kilpatrick* v. *Germania Life Ins. Co.* (183 N. Y. 163) the Court of Appeals held that money paid by a mortgagor to a mortgagee, which the

latter had no right to demand, in order to obtain a satisfaction of the mortgage and to prevent the institution of a suit for interest, was paid under duress and could be recovered, despite the fact that the mortgagor had physical possession of the real property. The latter had merely to defend the threatened action in order to *retain* possession of the property and he had only to bring an action to obtain a satisfaction of the mortgage. Nevertheless, the Court of Appeals said (at p. 169): " He [the mortgagor] could submit to the exaction and pay the bonus, and sue to recover it back, because such a payment is not voluntary. In effect the defendant [the mortgagee] held plaintiff's property in its grasp through its lien thereon and would not surrender it until the unlawful exaction was complied with. The payment was made to free the property from the duress as much as if it had been a chattel and the defendant had it in his possession under a pledge, refusing to part with it unless the bonus was paid."

The court quoted with approval (at p. 170) the following language in *Buckley* v. *Mayor, etc., of New York* (39 App. Div. 463; affd., 159 N. Y. 558): " There is no ironclad rule which confines an involuntary payment to cases of duress of person or restraint of goods. Money compulsorily paid to prevent an injury to one's property rights comes within the same principle. (*Carew* v. *Rutherford*, 106 Mass. 1.) " It also pointed out that the narrowness of the strict common-law rule as to what constitutes duress had been considerably mitigated and that (p. 170) " Money paid under *practical compulsion* was in many cases allowed to be recovered back, as, for example, payment made to obtain goods wrongfully detained; excessive fees when taken *under color of office;* excessive charges collected for performance of a duty," etc. (Italics ours.)

The release sought to be rescinded was executed and delivered " under practical compulsion," especially in view of the fact that it was exacted by the Superintendent of Insurance under " color of office " at a time when the order appointing him as rehabilitator contained injunctive provisions which would have rendered any attempt of the petitioner to revoke the agency of the guaranty company and to exercise the rights of a mortgagee a contempt of court. The physical possession of the bonds and mortgages was, therefore, of little practical value. Application to the court was necessary in order to secure permission to enforce them. *Immediate* relief could not be obtained except by yielding to the Superintendent's unwarranted demands. The circumstances attending the giving of the release bring the situation within the following language of the United States Supreme Court in *Radich* v. *Hutchins* (95 U. S. 210, 213): " To constitute the coercion or duress which will be

regarded as sufficient to make a payment involuntary, * * * there must be some actual or threatened exercise of power possessed, *or believed to be possessed,* by the party exacting or receiving the payment over the person or property of another, from which the latter has no other means of *immediate relief* than by making the payment." (Italics ours.)

For the foregoing reasons, in addition to those referred to in the memorandum heretofore filed (150 Misc. 239), the application is granted. Settle decision and judgment.